UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JANICE M. PRICE,

                  Plaintiff,

        v.

PRIORITY TRANSPORTATION and
MICHAEL NEILSON,

                  Defendants.
_____

DECISION & ORDER

07-CV-6627CJS

        Plaintiff Janice Price, currently a resident of Valdosta, Georgia, initiated this action on December 18, 2007, alleging that defendants unlawfully discriminated against her in violation Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. (Docket # 1). By order dated March 18, 2008, the matter was referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 8).

        On May 9, 2008, defendants served upon plaintiff a Notice of Deposition. The deposition was originally scheduled to occur on July 1, 2008, in Rochester, New York. (Docket # 14). Upon plaintiff's request, the deposition was thereafter rescheduled for August 26, 2008. However, on August 12, 2008, plaintiff filed the pending motion seeking an Order directing that "Defendants and Attorneys travel [] to Valdosta, Ga. for the said Notice of Appearance." (Docket # 21). As a basis for her request, plaintiff states only, "I can't travel for the lack of money or no money." (Docket # 21). Within the same motion, plaintiff also requests that the Court "settle this matter" because it is having a negative impact upon her health. (Docket # 21).

It is well-settled that because a plaintiff chooses the forum in which to exercise her rights, such plaintiff is ordinarily required to make herself available for deposition in the jurisdiction in which the action was brought. *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, 2002 WL 1041356, *1 (S.D.N.Y. 2002); *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 939 (S.D.N.Y. 1984) ("this Court has long enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances"). Nonetheless, "physical illness or infirmity has long been recognized as valid reasons for departing from the general rule." *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, 2002 WL 1041356 at *1 (citing *Coburn v. Warner*, 12 F.R.D. 188, 188-89 (S.D.N.Y. 1951); *Patrick v. Eastern S.S. Line*, 8 F.R.D. 421, 421 (S.D.N.Y. 1948); *Sullivan v. Southern Pac. Co.*, 7 F.R.D. 206, 207 (S.D.N.Y. 1947)).

In the case at bar, it is unclear to the Court whether plaintiff's motion is based solely upon her purported lack of funds or whether she believes her medical condition also warrants consideration. In either event, plaintiff has not provided sufficient detail in her application to enable the Court to assess the burdens or risks imposed by an out-of-state deposition. Plaintiff's motion simply states in conclusory fashion that she cannot travel for "lack of money or no money" and that the stress associated with this case has negatively affected her health. Although plaintiff has attached to her motion several medical laboratory reports, this Court is not in a position to evaluate such reports.

Accordingly, plaintiff's motion requesting that her deposition be taken in Valdosta, Georgia is denied without prejudice at this time. If plaintiff believes she is unable to bear the costs of traveling to Rochester, New York for her deposition, she must file a motion for

a protective order setting forth sufficient detail to allow the Court to assess her financial position. Similarly, if plaintiff believes that travel would be deleterious to her health, she must file a motion for a protective order supported by an affidavit by a medical provider detailing the risks imposed by such travel.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for an order requiring that her deposition be conducted in Valdosta, Georgia (Docket # 21) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

                                            *Marian W. Payson*
                                            MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
       October   1  , 2008