# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

JANICE M. PRICE,

                                                             Plaintiff,

                  -vs-                                  MEMORANDUM and ORDER
                                                                                07-CV-6627-CJS

PRIORITY TRANSPORTATION AND MICHAEL NEILSON,

                                                             Defendants.

---

      **Siragusa, J.** This case is before the Court on Defendants' motion to dismiss. In their supporting memorandum, Defendants contend that "Plaintiff's allegations arising under Title VII (as to both Defendants) must be dismissed as a claim based on HIV status does not lie under Title VII. Further, Plaintiff's claims against Michael Neilson must be dismissed as neither Title VII nor the ADA provide for individual liability." (Def.s' Mem. of Law, at 1.)

      The Court entered an Order setting November 14, 2008, for Plaintiff's response and scheduled oral argument for January 18, 2009. Plaintiff did not file a response and did not appear for oral argument. The Court, *sue sponte*, permitted Plaintiff until February 13, 2009, to file a written response and on February 5, 2009, Plaintiff sent to chambers a paper containing "facts why I believe that the motion for dismissal should be granted [sic] to the defendants." (Pl.'s motion response.)

      Plaintiff alleges the following facts in her complaint:

      1. Priority took my route that would [me] keep near Dr.

      2. Mike Nielson told me if I couldn't take the load to Little Rock, AK to take his truck to Conley yd.

> 3. Already had 309 miles that day and he wanted me to drive over 500+ more mile[s] which would have put me fault [sic] with my log book.
>
> 4. He knew of my health, because he work[ed] with Andy Rivera my immediate supervisor.

(Compl., at 5.) In the written complaint filed with the Equal Employment Opportunity Commission and attached to the complaint, Plaintiff stated:

> Back in April of 2006, I told Shawn Westner that I need to be close to home because I was HIV positive and every [sic] since then I feel that they have been trying to make me quit and I have never been wrote [sic] up for any thing. I have sign [sic] a paper about Falsecation [sic] of fuel over 9 month [sic] ago, or longer.
>
> I was told by Mr. Mike Neilson, if I wasn't going to take the load to Little Rock, Ark. I needed to take his truck to Conley yard in Conley Ga and get my things out of it.
>
> I don't think I'm disable [sic]. I'm HIV Positive. By nothing [sic] this I feel this is the reason I was fired. I never had trouble until I told them. My immediate supervisor, Andy Rivera, new [sic] of this also and they all work in the same office.

(EEOC Compl., at 2-3.) In the EEOC complaint, Plaintiff further indicated that in July 2006, she asked her employer for assistance or a change in working condition because of her disability:

> I was running a deciated [sic] route from Mableton, Ga., to Orlando, Fla., and I had [a] heart attack in April and lost my deciated [sic] route and I ask [sic] Mr. Westner to keep me close to home so I can be close to my doctor. He agree [sic].

(EEOC Compl., at 3.) She alleges that on January 2, 2007, "Mike Nielson fired me because I refuse [sic] to take a load." (EEOC Compl., at 2.)

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 1964-65 (citations and internal quotations omitted). See also, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 2007 WL 1717803 (2d Cir. Jun. 14, 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co.*

*Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)). Since this is a pro se complaint, the Court is mindful of the Second Circuits admonition that, "[w]hen considering the sufficiency of a pro se complaint, we 'must construe it liberally, applying less stringent standards than when a plaintiff is represented by counsel.'" *Branham v. Meacham*, 77 F.3d 626, 628-29 (2d Cir. 1996) (*quoting Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983)).

Defendants seek dismissal of Plaintiff's Title VII complaint. "A claim based on HIV status does not lie under Title VII, *Dollinger v. State Ins. Fund*, 44 F. Supp. 2d 467, 475 (N.D.N.Y. 1999); *Rivera v. Heyman*, 982 F. Supp. 932, 939-40 (S.D.N.Y. 1997), *aff'd in pertinent part and rev'd in part on other grounds*, 157 F.3d 101, 105-06 (2d Cir. 1998)," *Johnson v. N.Y. State Ins. Fund*, No. 04 Civ. 4681 (LBS), 2005 U.S. Dist. LEXIS 12988, at *4 (S.D.N.Y. June 29, 2005). The law is clear that a claim such as the one here will not lie under Title VII. Accordingly, Defendants have shown that Plaintiff's Title VII claim must be dismissed.

With regard to the claims against Michael Neilson, individually, the Court agrees that he cannot be held liable under either Title VII or the ADA. As the Second Circuit held in *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. N.Y. 1995), "Title VII's remedial provisions also lead us to conclude that Congress never intended to hold agents individually liable for violations of the Act." *Tomka*, 66 F.3d at 1314. Likewise, Plaintiff's ADA claims against Neilson individually are not cognizable. "[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits…." *Garcia v. State Univ. of N.Y. Health Scis. Ctr.*, 280 F.3d 98, 107 (2d Cir. N.Y. 2001); *see also Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) ("[i]n suits under Title II of the ADA, as under many other federal anti-discrimination laws, such as Title VII and the ADEA, the proper defendant

usually is an organization rather than a natural person."). Thus, Plaintiff's claims against Neilson, individually, must be dismissed. Accordingly, it is hereby

ORDERED, that Defendants' motion to dismiss (Docket No. 26) is granted and the Title VII claims against Priority Transportation, LLC are dismissed, as well as the Title VII and ADA claims against defendant Michael Neilson, individually. The remaining claim against Priority Transportation alleging a violation of the ADA, may go forward.

IT IS SO ORDERED.

Dated: March 19, 2009
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge