UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JANICE M. PRICE,

      Plaintiff,

  v.

PRIORITY TRANSPORTATION, LLC,

      Defendant.

REPORT & RECOMMENDATION

07-CV-6627CJS

---

  By order dated March 18, 2008, the above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Docket # 8).

  On July 13, 2009, *pro se* plaintiff Janice Price ("Price") filed a motion for a default judgment against defendant Priority Transportation, LLC ("Priority") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Docket # 43). For the following reasons, I recommend that the District Court grant Price's motion.

  On December 18, 2007, Price filed a complaint against Priority alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117. (Docket # 1). On June 23, 2009, this Court granted a motion to withdraw filed by counsel for Priority. (Docket # 42). The order directed Priority to obtain new counsel within two weeks or risk a default judgment because a corporation may not proceed *pro se*. (*Id.*). Despite this warning, Priority did not file a notice of appearance within the time frame provided. Price then

filed a motion for default judgment against Priority on July 13, 2009. (Docket # 43). Despite the issuance of a motion scheduling order, Priority did not oppose the pending motion.

It is well-settled that a corporation may not represent itself *pro se*. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). *Accord Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (citing *Brandstein v. White Lamps, Inc.*, 20 F. Supp. 369, 370 (S.D.N.Y. 1937) ("[w]hile a corporation is a legal entity, it is also an artificial one, existing only in the contemplation of the law; it can do no act, except through its agents")). A corporation's failure to retain counsel within a specified period of time may result in a default judgment against the corporation. *R. Maganlal & Co. v. M.G. Chemical Co.*, 1996 WL 715526, *2 (S.D.N.Y. 1996) (default judgment is justified where corporation failed to comply with court order directing it to obtain new counsel); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991) ("[h]aving determined that the district court properly ordered Eagle to appear through counsel, it was appropriate to enter a default judgment when Eagle willfully disregarded the district court's order").

In the present case, Priority was advised on June 23, 2009 that failure to obtain new counsel within two weeks could result in a default judgment against it because it was not permitted to appear *pro se*. (Docket # 42). No notice of appearance has been filed on behalf of defendant since then. Accordingly, I recommend that the District Court grant Price's motion for a default judgment (Docket # 43). In addition, Price has neither made a monetary demand for damages in her complaint, nor submitted documentary evidence of her damages. (*See* Docket # 1). Therefore, I recommend that the District Court require Price to submit an affidavit detailing

her damages caused by the defendant's discriminatory conduct, to which she may append any documentary evidence she deems relevant to her claimed damages.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
January  26 , 2011

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                                    *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                                  United States Magistrate Judge

Dated: Rochester, New York
       January  26 , 2011